STATE OF VERMONT

ENVIRONMENTAL COURT

|  | }  |  |
| --- | --- | --- |
| In re Applications of Powell, Urquhart and Dow | } | Docket No. 181-8-08 Vtec |
| (Appeals of Elmore et al.) | } | Docket No. 187-8-08 Vtec |
|  | } | Docket No. 242-10-08 Vtec |
|  | } | Docket No. 106-6-09 Vtec |
|  | } | Docket No. 107-6-09 Vtec |
|  | } |  |

Decision and Order on Pending Motions

In Docket No. 181-8-08 Vtec, Appellants Richard Elmore, Julie Elmore, Peter Adamczyk, Lisa Adamczyk, Peter Edelmann, Jessica Ebert Edelmann, Michael Powell, Addison Powell, Mary Powell, Evelyn Intondi, and Mark Brooks (Appellants) appealed from a decision of the Development Review Board (DRB) of the Town of Colchester, granting conditional use approval to Appellee-Applicants John Powell, Christine Powell, Ann Dow, and Andrew Urquhart (Applicants) for a seven-mooring residential marina and dock. In Docket No. 187-8-08 Vtec, Appellants appealed from a DRB decision granting site plan approval to Applicants for a seawall and earthen boat ramp on the same properties. In Docket No. 242-10-08 Vtec, Appellants appealed from a DRB decision granting preliminary plat approval to Applicants for a seven-lot subdivision involving the same properties. Some of the questions in the Statements of Questions in all three cases were dismissed; motions to dismiss others of the questions were converted to motions for summary judgment and are pending.

Two additional related appeals were filed by Appellants on June 12, 2009. Docket No. 106-6-09 Vtec is related to Docket No. 242-10-08 Vtec; it is an appeal from a DRB decision granting final plat approval to the subdivision. Docket No. 107-6-09 Vtec is related to (and may supersede) Docket No. 187-8-08 Vtec; it is an appeal from a DRB

1

decision granting site plan approval to an amended application regarding the seawall. Appellants' Statements of Questions were due in both new cases on July 2, 2009; they have not yet been filed. The initial pretrial conferences have been scheduled in both new cases for August 24, 2009 (see enclosed notice). Please be prepared to discuss the party status in both new cases of any appellants other than Richard Elmore, Julie Elmore, Peter Adamczyk, Lisa Adamczyk, Peter Edelmann, and Jessica Ebert Edelmann, as those six individuals are the only ones listed in either DRB decision as having been granted interested party status by the DRB. Unlike the DRB decisions in the 2008 cases, the DRB decision does not disclose whether others of the appellants participated in the proceeding sufficiently to qualify as appellants. See 10 V.S.A. § 8504(b)(1).

Appellants are represented by Matthew T. Daly, Esq., and Applicants are represented by Heather R. Hammond, Esq. In the 2008 cases, the Town has requested informational status only; the Town has made no request yet in the 2009 cases.

Procedural History and Motion to Amend

Applicants had moved to dismiss or for partial summary judgment on Questions 1–7, 11, and 12 of the revised Statement of Questions in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec. Applicants had moved to dismiss or for partial summary judgment on Questions 6–10, 12, 15–21, 23–26, 28, 29(b), 29(f)–(i), and 31 of the revised Statement of Questions in Docket No. 242-10-08 Vtec.

On June 12, 2009, the Court issued a decision and order dismissing Questions 4, 5, 6, and 12 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, and dismissing Questions 19, 20, and 21 in Docket No. 242-10-08 Vtec.

The June 12, 2009 decision allowed Appellants to move to amend Question 3 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec and Question 18 in Docket No. 242-10-08 Vtec, to relate them to specific requirements of the Zoning Regulations. Appellants did

2

so on June 26, 2009.  No objection was filed; the motion to amend is hereby GRANTED.[1]

The June 12, 2009 decision converted the motions to dismiss Questions 1, 2, 7, and 11 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, and to dismiss Questions 6–10, 12, 15–17, 23–26, 28, 29(b), 29(f)–(i), and 31 in Docket No. 242-10-08 Vtec, to motions for summary judgment as required by V.R.C.P. 12(c).  The decision provided a schedule for Appellants to file any supplemental responses "conforming with V.R.C.P. 56," and for Applicants to reply to any such responses.

Entry Order re Questions 8, 9, and 10 (Nos. 181-8-08 and 187-8-08)

In addition, although Applicants did not file motions to dismiss Questions 8, 9, and 10 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, the final paragraph of the June 12, 2009 decision also noted that the Court's scheduling order of April 20, 2009 had nevertheless also required Appellants to provide the Court with any provisions in the regulations applicable to conditional use approval or to site plan approval that require compliance with the sections of the Town Plan cited in Question 8, 9, and 10.  The June 12, 2009 decision stated that "[t]his response is necessary to determine whether those questions are within the scope of conditional use approval" at issue in Docket No. 181-8-08 Vtec, or within the scope of site plan approval at issue in Docket No. 187-8-08 Vtec. The June 12, 2009 decision required Appellants to "file the required statement on or before July 7, 2009."  No statement was filed as to Questions 8, 9, and 10 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec in response to either order of the Court.  Accordingly, unless Appellants demonstrate how the Town Plan is referred to in the regulations applicable to conditional use approval (for Docket No. 181-8-08 Vtec) or to site plan

_____

[1] Since the filing of the motions to amend Question 3 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec and Question 18 in Docket No. 242-10-08 Vtec, Applicants have not filed any motions regarding these questions as amended.  This decision does not further discuss these two questions.

3

approval (for Docket No. 187-8-08 Vtec), those three questions will be DISMISSED as beyond the scope of these two cases, effective at the conclusion of the telephone conference now scheduled for August 24, 2009 (see enclosed notice).

Motions regarding Party Status

Applicants argue that all the Appellants lack party status to proceed with Questions 1, 2, 7, and 11 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec, and Questions 6–10, 12, 15–17, 23–26, 28, 29(b), 29(f)–(i), and 31 in Docket No. 242-10-08 Vtec.

The exhibits provided with Applicants' motion reflect that Appellants may be divided into two groups, reflecting their respective property interests in relation to the project property. Jessica Ebert Edelmann and Peter W. Edelmann, as trustees, own the property with shoreline frontage on Lake Champlain, adjacent and directly to the north of the project property. Peter and Lisa Adamczyk own property with shoreline frontage on Lake Champlain, adjacent and directly to the north of the Edelmann property. The Edelmanns and the Adamczyks (and two others not listed as appellants), also own additional adjacent property easterly of the Edelmann and Adamczyk shoreline properties and northerly of the project property. If there is any need to distinguish the two groups of appellants, they may be referred to as the Northerly Appellants. An internal roadway proposed for the project runs along the northwesterly boundary of the project property, near its boundary with the Northerly Appellants' property.

The remaining Appellants: Richard Elmore, Julie Elmore, Michael Powell, Addison Powell, Mary Powell, Evelyn Intondi, and Mark Brooks, own a parcel of property with shoreline frontage on Lake Champlain adjacent and to the south of the project property, and bounded on the northeast by Red Rock Road which forms the southeast boundary of the project property. If there is any need to distinguish the two groups of appellants, they may be referred to as the Southerly Appellants.

4

After the motions to dismiss were converted to summary judgment motions, Appellants did not provide a statement of material facts in dispute as required by V.R.C.P. 56(c)(2), and only provided an affidavit from one of the Southerly Appellants. The affidavit purported to be "authorized to make this affidavit on behalf of . . . the other Appellants in these matters."

An affidavit made of an affiant's personal knowledge may be able to state the actions of other individuals using the beachfront land, as an affiant can observe those actions, such as the Appellants' walking along the shore, and kayaking, fishing, and swimming in or on the waters of the lake. On the other hand, an affiant cannot attest to the state of mind of other individuals, such as their "enjoyment" of the beachfront land.

However, a landowner's interest in development proposed for adjacent lakefront property, and how it may affect the landowner's own property and the use of the shoreline and lake waters adjacent to that property, is exactly the sort of "physical or environmental impact" on the landowner's "interest under the criteria reviewed" that provides standing under the statutory definition, 24 V.S.A. § 4465(b)(3), because it relates to that landowner's property and not to the landowner as taxpayer or generally as a citizen of the town or the region. See, e.g., In re Binkhorst Lake Access, No. 286-12-07 Vtec (Vt. Envtl. Ct. July 8, 2008) (Wright, J.) (unpublished entry order). In any event in "demonstrat[ing]" the interest as required by the statute, a landowner need not prove the case on its merits at this stage of the proceedings. See, e.g., Route 103 Quarry, No. 205-10-05 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Feb. 23, 2006) (Durkin, J.) (explaining that proving a party's interest for purposes of standing is a lesser burden than proving the merits of the party's appeal).

Accordingly, the Court will rule on each of the contested questions on the basis of the materials provided with Applicants' motion, together with the allowable elements of the Elmore affidavit, and considering both parties' memoranda and arguments.

5

Question 1 (Nos. 181-8-08 and 187-8-08) and Question 16 (No. 242-10-08)

It is apparent from the Elmore affidavit that, although the question is stated overly broadly in terms of their interest in the use of undefined "public land," the "physical or environmental impact" the landowners' assert on their interest is the project's potential to affect their interest in the use of the lakeshore and the lake itself specifically in front of their properties and in front of the adjacent project property. With that limitation, the motion to dismiss those questions is DENIED. On or before August 19, 2009, the parties shall file an agreed restatement of these questions making clear the interest Appellants are asserting, or, if they cannot agree on the text, by that date Appellants shall file a proposed restatement of these questions for discussion at the August 24 conference.

Question 2 (Nos. 181-8-08 and 187-8-08) and Question 17 (No. 242-10-08)

Nothing in Applicants' materials (other than the small scale location map in the corner of the project plans) and nothing in Appellants' filings even shows where the Lamoille River is in relation to the proposed project, much less how Appellants have a specific interest in it under the criteria reviewed, different from that of the general public. Moreover, nothing in Appellants' filings demonstrates how the proposed project could affect the Lamoille River or its watershed or its "vicinity," other than the Lake Champlain shoreline and drainage from the project property towards the lake, which is covered by other questions. Applicants' motion to dismiss these questions is GRANTED, due to Appellants' lack of standing to raise them.

Question 7 (Nos. 181-8-08 and 187-8-08) and Question 31 (No. 242-10-08)

Question 7 does not appear to pertain to the seawall case at all. Applicants' motion to dismiss it in Docket No. 187-8-08 therefore is GRANTED.

Like Questions 8, 9, and 10 discussed above, Appellants must show how

6

Question 7 is within the scope of the conditional use approval appeal. Accordingly, unless Appellants can show what element of the conditional use standards applicable to the marina regulates emergency access for fire and ambulance, including turnaround and street grades, Question 7 in Docket No. 181-8-08 will be DISMISSED as beyond the scope of that case, effective at the conclusion of the telephone conference now scheduled for August 24, 2009.

As neighboring property owners, Appellants have standing to raise the question of emergency access for fire trucks and equipment through the project property to the lakeshore, as inadequate emergency access could result in a risk to their property. Applicants' motion to dismiss Question 31 in Docket No. 242-10-08 is DENIED.

Question 11 (Nos. 181-8-08 and 187-8-08)

The project plans show a stream running through the project property, marked on the plans as "approximate stream corridor," with an outlet at the lake. Project proposals affecting the stream buffer have the potential for affecting the interests of the two groups of neighboring landowners in the quality of the water draining into the lake adjacent to their properties. Applicants' motion to dismiss Question 11 in Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec is therefore DENIED.

Questions 10 and 26 in Docket No. 242-10-08 Vtec, unrelated to any specific regulation

Question 10, regarding the timing of boundary line adjustments, was dismissed from Docket Nos. 181-8-08 Vtec and 187-8-08 Vtec in the June 12, 2009 decision and order, but remained in the subdivision case. Unless Appellants demonstrate how the timing of boundary line adjustments is referred to in the regulations applicable to subdivision approval, Question 10 will be DISMISSED as beyond the scope of Docket No. 242-10-08, effective at the conclusion of the telephone conference now scheduled for August 24, 2009.

7

Question 26 inquires whether the project should provide pedestrian access. Assuming that some section of the Subdivision Regulations addresses pedestrian access, nothing in Appellants' filings shows how Appellants have any specific interest in it under the criteria reviewed, either in having pedestrian access themselves through the project property, or considering the risk of residents on the project property using Appellants' properties to gain access to the lake if the project pedestrian access is inadequate. Unless Appellants can demonstrate such an interest, and also can provide a citation to some section of the Subdivision Regulations governing pedestrian access, Question 26 in Docket No. 242-10-08 will be DISMISSED, effective at the conclusion of the telephone conference now scheduled for August 24, 2009, either due to Appellants' lack of standing to raise this question, or due to its being beyond the scope of the subdivision appeal.

Questions 8, 9, and 25 in Docket No. 242-10-08 relating to the Zoning Regulations

Like Questions 8, 9, and 10 of Docket Nos. 181-8-08 and 187-8-08 discussed above, Appellants must show how Questions 8, 9, and 25 in Docket No. 242-10-08 Vtec are within the scope of the Subdivision Regulations applicable to preliminary plat approval. These three questions raise issues to do with the proposed subdivision's compliance with certain sections of the Zoning Regulations, without showing whether or how those sections of the Zoning Regulations are incorporated in or referenced by the Subdivision Regulations. Accordingly, unless Appellants demonstrate how §§ 7.04(C)(2), 7.04(C)(4), or 7.04, respectively, are referred to in the regulations applicable to subdivision approval, these four questions will be DISMISSED as beyond the scope of Docket No. 242-10-08, effective at the conclusion of the telephone conference now scheduled for August 24, 2009.

8

<u>Questions in Docket No. 242-10-08 Vtec relating to the Subdivision Regulations</u>

<u>Question 6 (No. 242-10-08)</u>

Assuming that this question is meant to conclude after the word "Regulations," nothing in Appellants' filings shows how Appellants have any specific interest, under the criteria reviewed, in whether the DRB (or this Court in this <u>de novo</u> proceeding) requires an independent technical review of any aspect of the project. Applicants' motion to dismiss Question 6 in Docket No. 242-10-08 Vtec is GRANTED, due to Appellants' lack of standing to raise it.

<u>Question 7, Question 15, Question 23, and Questions 29(f), (g), (h), and (i) (No. 242-10-08)</u>

Nothing in Appellants' filings shows how Appellants have any specific interest, under the criteria reviewed, in whether the project places an unreasonable burden on the town's ability to provide services and facilities, in the project's level of energy conservation, or in the project's potential effects on historic sites, streets and public facilities, schools, and governmental services, that is any different from that of the citizens or taxpayers of Colchester in general. Applicants' motion to dismiss Question 7, Question 15, Question 23, and Questions 29(f), (g), (h), and (i), in Docket No. 242-10-08 Vtec is GRANTED, due to Appellants' lack of standing to raise these questions.

<u>Question 28 (No. 242-10-08)</u>

Although Appellants have apparently hiked through the woods of the project property in the past, nothing in Appellants' filings shows how Appellants have any specific interest, under the criteria reviewed, in the open space, recreation areas, or common land to be provided within the project property. That is, they have not shown that the amount of open space, recreation areas, or common land to be provided within the project property could affect their interests, or that they are entitled to any easement

9

or other public or private right to use the project property for their own recreational purposes. Unless they can demonstrate such an interest, Question 28 in Docket No. 242-10-08 Vtec will be DISMISSED, effective at the conclusion of the telephone conference now scheduled for August 24, 2009, due to Appellants' lack of standing to raise these questions.

Questions 24, and 29(b) (No. 242-10-08)

The project property contains a stream which drains to Lake Champlain. Project proposals affecting the stream buffer have the potential for affecting the interests of the two groups of neighboring landowners in the quality of the water draining into the lake adjacent to their properties.

The proposed project involves individual on-site drilled wells. Unlike a project involving municipal water supply, as neighboring landowners, Appellants have standing to be heard as to whether the project meets the section of the Subdivision Regulations regarding water supply, as on-site drilled wells could potentially affect the groundwater under adjacent property. Applicants' motion to dismiss Questions 24 and 29(b) in Docket No. 242-10-08 Vtec is DENIED.

Question 12 (No. 242-10-08)

This question asks whether the application meets the filing requirements of § 203 of the Subdivision Regulations. As to any of the application information that relates to the questions not dismissed from the Statement of Questions, Appellants also have standing to ensure that all the information necessary for the Court to make a determination on those aspects of the application is provided by Applicants. Accordingly, with respect to the application information relating to the Questions remaining in this case, Applicants' motion to dismiss Question 12 in Docket No. 242-10-08 Vtec is DENIED.

10

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED as follows:

- Applicants' Motion to Dismiss Question 2 in Docket No. 181-8-08 Vtec is GRANTED, Applicants' Motion to Dismiss Questions 2 and 7 in 187-8-08 Vtec is GRANTED, and Applicants' Motion to Dismiss Questions 6, 7, 15, 17, 23, and 29(f)–(i) in Docket No. 242-10-08 Vtec is GRANTED.

- Applicants' Motion to Dismiss Questions 1 and 11 in Docket Nos. 181-8-08 Vtec is DENIED, Applicants' Motion to Dismiss Questions 1 and 11 in Docket No. 187-8-08 Vtec is DENIED, and Applicants' Motion to Dismiss Questions 12, 16, 24, 29(b), and 31 in Docket No. 242-10-08 Vtec, is DENIED.

- Questions 7–10 in Docket No. 181-8-08 Vtec, Questions 8–10 in Docket No. 187-8-08 Vtec, and Questions 8–10, 25, 26, and 28 in Docket No. 242-10-08 Vtec will be DISMISSED as of the close of the telephone conference now scheduled for August 24, 2009, unless Appellants have come forward with the required information as discussed more fully above.

On or before August 19, 2009, the parties shall file an agreed restatement of Question 1 in Nos. 181-8-08 Vtec and 187-8-08 Vtec, and of Question 16 in No. 242-10-08 Vtec, making clear the interest Appellants are asserting, or, if the parties cannot agree on the text, by that date Appellants shall file a proposed restatement of these questions for discussion at the August 24 conference.

Pursuant to the December 22, 2008 scheduling order in these cases, mediation was ordered to occur when these motions would be decided. A schedule for mediation, as well as any further motions, and trial dates, also will be discussed at the telephone conference. Please file the Statements of Questions in the new cases as soon as possible,

11

as they are overdue, and in any event file them well in advance of the telephone conference scheduled for August 24, 2009 (see enclosed notice).

Done at Berlin, Vermont, this 11th day of August, 2009.

_____
Merideth Wright
Environmental Judge